UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GRISSEL NUNEZ, as Parent and Natural Guardian of
I.N.P., an Infant, and as Representative of the Class of
Infants whose funds from legal cases were not placed in
the highest interest bearing accounts possible despite
Court Orders mandating same,

Case No.: 1:23-cv-07569

Judge Paul A. Engelmayer

Plaintiff,

-against-

**NOTICE OF MOTION**

JP MORGAN CHASE BANK, N.A.,

Defendant.
---------------------------------------------------------------X

| | |
|---|---|
| **MOTION BY:** | Plaintiff |
| **DATE, TIME & PLACE OF HEARING:** | October 3, 2023, at 10:00 a.m. at the Courthouse located at 40 Foley Square, Room 1305, New York, New York 10007 or Whatever date and time the Court chooses. |
| **RELIEF REQUESTED:** | Remand to Supreme Court, Bronx County |
| **SUPPORTING PAPERS:** | Declaration of Stanley A. Landers, Esq. dated August 29, 2021 and Exhibits. |
| **OPPOSING PAPERS:** | Seven (7) days prior to return date. |

Dated: Carle Place, New York
       August 29, 2023

Yours, etc.,

**LANDERS & CERNIGLIARO, P.C.**
Attorneys for Plaintiff

_____
STANLEY A. LANDERS, ESQ. (sl 3831)
One Old Country Road - Suite 400
Carle Place, New York 11514
516-742-6000

To: Sylvia E. Simson, Esq.
Greenberg Traurig, LLP
Attorneys for Defendant
One Vanderbilt Avenue
New York, New York 10017
sylvia.simson@gtlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
GRISSEL NUNEZ, as Parent and Natural Guardian of
I.N.P., an Infant, and as Representative of the Class of
Infants whose funds from legal cases were not placed in
the highest interest bearing accounts possible despite
Court Orders mandating same,

                                    Plaintiff,

-against-

JP MORGAN CHASE BANK, N.A.,

                                    Defendant.
---------------------------------------------------------------X

Case No.: 1:23-cv-07569

### DECLARATION OF STANLEY A. LANDERS
### IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND

I, STANLEY A. LANDERS, of lawful age, being duly sworn, declare as follows:

1. I am a member of Landers & Cernigliaro, P.C., attorney for plaintiff. All facts set forth in this Declaration are based upon my personal knowledge. If called to testify in this matter, I could completely testify to the facts set forth herein.

2. On or about August 4, 2023, I received a phone call from Sylvia Simson, Esq. informing me that she represented defendant Chase and wanted to explore the possibility of early settlement. The contingency she insisted upon, to which I agreed, was that all settlement communication between us would be subject to the confidentiality provisions of CPLR 4547, which is attached as Exhibit A. Indeed, every e-mail subsequently sent to me by Ms. Simson begins with the italicized heading

        *Confidential Settlement Communication Subject to CPLR 4547
        and All Relevant Rules (See Exhibit B).*

The most relevant part of that statute states

> Evidence of any conduct or statement made during compromise negotiations shall (also) be inadmissible.

Unfortunately, defense counsel in her Declaration numerous times violates her own mandated confidentiality requirement and presents as "evidence" of her legal claims certain statements made as part of settlement discussions. Consequently, they should be totally ignored because they are "inadmissible" as any type of evidence.

    3.    As stated in Fed. Ins. Co. v. Tyco Int'l Ltd, 422 F. Supp2d 357, 391 (S.D.N.Y. 2006)

> When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff.

Plaintiff's complaint, attached as Exhibit C, contains only one allegation, in paragraph "6," which alludes to the amount of money in controversy. It states that defendant

> refused to open a CD account paying interest of 4.5%, but only opened a savings account paying 0.01%

If one were to interpolate actual damages to the infant, who was 13 years old when the account for $200,000.00 was opened, the calculation would approximate the following:

> $200,000.00 @4.5% annually = $8,500.00 x 5 years = $42,000.00

No actual dollar amount demanded exists in the complaint. Only in paragraph "7" is it stated that

> that infant plaintiff and the entire class represented have been damaged in an amount which exceeds the jurisdiction of all lower courts.

    4.    Every single number existing in paragraph "2" of the Declaration of Sylvia E. Simson, dated August 25, 2023, was part of confidential negotiations and by statute is not evidentiary for any legal purpose, including a basis for removal.

    5.    Another reason why remand is proper is because the sole liability issue in the case is the interpretation of the Infant's Compromise Order signed by State Supreme Court Judge

Michael A. Frishman on May 24, 2023, which was annexed to the Complaint. The key words in the Order appear on page 2, paragraph 2 (A)(3):

> the sum of $200,000.00 payable to Grissel Nunez as p/n/g of Isabella Paulino and an officer of Chase Bank, 784 Castle Hill Avenue, Bronx, New York, 10473, to be placed in the highest interest bearing account possible until the infant's 18th birthday. (See Exhibit D).

This is strictly a question or law, and pursuant to CPLR 2217, since Judge Frishman was the author of the Infant's Compromise Order, this case would be referred to him for decision. It is worth adding that pursuant to the same Order Dime Savings bank opened a CD for the infant paying 5.1% (Exhibit E).

6. Note also that in paragraph "6" of the complaint Raul Grullon is specifically named as the Chase employee who opened the account for 0.01 percent interest in derogation of Judge Frishman's Order. He is a "quasi-defendant" who could have been a named defendant to specifically defeat the diversity of jurisdiction basis for removal. This ignominy he was spared.

7. Because federal courts are courts of limited jurisdiction and because of federalism concerns, there is a presumption against removal jurisdiction. (See Kokkonen v. Guardian Life Ins. Co. of Am. (1994) 511 U.S. 375, 377.

WHEREFORE, remand to Bronx Supreme Court is requested.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: Carle Place, New York
August 29, 2023

*Stanley A. Landers*
STANLEY A. LANDERS

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   }
                    } ss:
COUNTY OF NASSAU    }

**DEBRA CARACCIOLO**, being duly sworn, deposes and says:

That I am not a party to the within action, am over the age of eighteen (18) years, and reside in Farmingdale, New York.

That on August 29, 2023, I served the within **NOTICE OF MOTION, ATTORNEY DECLARATION & EXHIBITS** upon the following persons:

Sylvia E. Simson, Esq.
Greenberg Traurig, LLP
Attorneys for Defendant
One Vanderbilt Avenue
New York, New York 10017
sylvia.simson@gtlaw.com

by electronically filing all of the documents through Pacer to the United States District Court, Southern District of New York, and also by e-mailing same to Sylvia E. Simson, Esq., at the e-mail address supplied above.

_____
DEBRA CARACCIOLO

Sworn to before me this
29th day of August, 2023.

_____
Notary Public

STANLEY A. LANDERS
NOTARY PUBLIC, STATE OF NEW YORK
NO. 4855298
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES JANUARY 31, 2026