# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------X
GRISSEL NUNEZ, as Parent and Natural Guardian of I.N.P., an Infant, and as Representative of the Class of Infants whose funds from legal cases were not placed in the highest interest bearing accounts possible despite Court Orders mandating same,

                                            Plaintiff,

-against-

JP Morgan Chase Bank, N.A.,

                                            Defendant.
-----------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

To be referred to
Justice Michael A. Frishman

Plaintiff alleges for her Verified Complaint as follows:

1. Plaintiff resides in Bronx County.

2. Defendant is a foreign corporation.

3. Defendant transacts business within New York State.

4. Defendant has committed a tortious act within New York State in that it failed to comply with an Order of the Hon. Michael A. Frishman dated May 24, 2023, (see the attached) which Order mandated that it open "the highest interest bearing account possible" for the $200,000.00 settlement check which was payable to "Grissell Nunez as p/n/g of I.P. and an Officer of Chase Bank."

5. On July 7, 2023 Raul Grullon was an employee of the defendant.

6. On July 7, 20232, Raul Grullon, after consulting the Chase Legal Department, refused to open a CD account paying interest of 4.5%, but only opened a savings account paying 0.01% (see the attached).

7. As a result of this failure to comply with the Court Order, the infant plaintiff, and the entire class represented, have been damaged in a sum of money which exceeds the jurisdiction of all lower courts.

8. The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable.

9. There are questions of law or fact common to the class which predominate over any questions affecting only individual members.

10. The claims or defenses of the representative parties are typical of the claims or defenses of the class.

11. The representative parties will fairly and adequately protect the interests of the class.

12. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**WHEREFORE**, plaintiff demands judgment against defendant, to include the following:

1. Certifying the class;

2. Ordering defendant to immediately convert the savings account opened for the infant plaintiff to a CD account paying the infant the highest current interest rate, including the "relationship rate" as she currently has another account with Chase, number 000003022361240;

3. Actual damages lost by the class because of the lower interest rate given to "court ordered" accounts;

4. Punitive damages; and

5. Attorney's fees, plus costs and disbursements.

Dated: Carle Place, New York
July 26, 2023

        Yours, etc.,

**LANDERS & CERNIGLIARO, P.C.**
Attorneys for Plaintiff

*/s/ Stanley L. Landers/*

STANLEY A. LANDERS, ESQ.
One Old Country Road – Suite 400
Carle Place, New York 11514
516-742-6000 (Telephone)
516-742-6000 (Facsimile)
landers10m@gmail.com (e-mail)