

Sylvia E. Simson
Tel 212.801.9200
Sylvia.Simson@gtlaw.com

September 12, 2023

**BY ECF**

Hon. Paul A. Engelmayer
United States District Court for the Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

Re: *Nunez v. JPMorgan Chase Bank, N.A., et al*, No. 2:23-cv-7569(PAE)—JPMorgan Chase Bank, N.A.'s ("Chase") Forthcoming Motion To Compel Arbitration and Request to Stay/Toll Chase's Time to Substantively Respond to Complaint Pending Resolution of Motion

Dear Judge Engelmayer:

    Our firm is counsel for defendant Chase in the above-captioned action. We write to advise the court that Chase plans to move to compel individual arbitration of this action (the "Motion to Compel") on or before September 14, 2023, the current deadline for Chase to respond to the Complaint. Chase writes further to request, pursuant to Rule 1(e) of Your Honor's Individual Rules and Practices in Civil Cases, that Chase's time to substantively respond to the Complaint be stayed or tolled pending resolution of the Motion to Compel given that it will address a critical threshold issue of whether this dispute should be resolved in litigation or in arbitration.[1]

    Prior to removal of this action to this Court, counsel for Plaintiff and counsel for Chase stipulated that Chase's time to respond to the Complaint could be extended to and through September 14, 2023 (*see* Doc. No. 5), and on August 29, 2023, the Court so-ordered that deadline. (Doc. No. 8). Chase submits that deciding both Plaintiff's Motion to Remand (Doc. No. 10) and Chase's forthcoming Motion to Compel before requiring the parties to brief a potential motion to dismiss would be sensible as these motions present threshold issues this Court need decide and would conserve party and judicial resources. *See Curtis v. JPMorgan Chase Bank, N.A.*, No. 22-CV-10286 (S.D.N.Y.) (Doc. No. 29) (order filed January 30, 2023 staying Chase's time to respond to complaint pending Chase's filing of a motion to compel arbitration); *KPA Promotion & Awards, Inc. v. JPMorgan Chase & Co.*, No. 20-CV-3910 (S.D.N.Y.) (Doc. No. 33) (so-ordering on September 17, 2020 Chase's request to "continue Chase's . . . responsive pleading deadline until

---

[1] The Motion to Compel will be made without waiver of Chase's rights to seek dismissal under Fed. R. Civ. P. 12(b), should the Motion to Compel be denied.

Greenberg Traurig, LLP | Attorneys at Law
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com

September 12, 2023
Page 2

after the Motion [to compel arbitration] is decided"). Chase has contacted Plaintiff asking for consent to Chase's request, but as of the filing of this letter, has not received a response.

Chase respectfully requests that the Court grant the request set forth herein. We appreciate the Court's attention to this matter and are available should the Court have any questions.

Respectfully submitted,
/s/ *Sylvia E. Simson*
Sylvia E. Simson

CC (by ECF): All counsel of record

Granted. Defendant's deadline to respond to plaintiff's complaint is extended. The Court will set a new deadline for defendant's response to the complaint after the Court resolves the motion to remand and the forthcoming petition to compel arbitration.

The Court orders defendant JPMorgan Chase to file their petition to compel arbitration by September 14, 2023. Plaintiff Nunez has until September 28, 2023 to respond to the petition to compel arbitration. Any reply from defendant is due by October 5, 2023. The Court will resolve the petition to compel arbitration and the motion to remand concurrently after briefing is complete for both.

**SO ORDERED.**

Dated: September 13, 2023
New York, New York

Paul A. Engelmayer
United States District Judge