UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GRISSEL NUNEZ, *as Parent and Natural Guardian of I.N.P., an Infant*,

    Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.

    Defendant.

Case No. 23-CV-7569-PAE (KHP)

**STIPULATION AND ORDER OF SETTLEMENT AND DISCONTINUANCE AS TO PLAINTIFF'S CLAIMS**

---

**WHEREAS** plaintiff Grissel Nunez ("Plaintiff") has pursued this action on behalf of her minor child, I.N.P, against defendant JPMorgan Chase Bank, N.A. ("Chase") by filing (a) a Complaint in the Supreme Court for the State of New York, Bronx County, which was then properly removed to the United States District Court for the Southern District of New York ("SDNY"), and then (b) an Amended Complaint in the SDNY (together, the "Complaint") taking issue with the interest rate applied to a Certificate of Deposit account ending 4909 opened on behalf on I.N.P. on July 7, 2023 (the "Account");

**WHEREAS** an interest rate change for the Account was implemented on September 14, 2023, applying a 4.4% Interest Rate and 4.5% APY rate to the initial term retroactively with an effective date of July 7, 2023 (*i.e.*, the date the Account was opened);

**WHEREAS** the Account has been receiving the applicable relationship rate for Chase Certificate of Deposit consumer accounts renewed as of January 7, 2024 with a 6-month term where $100,000+ is on deposit by the accountholder;

**WHEREAS** Chase has filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c), arguing, among other things, that Plaintiff's claim on behalf of I.N.P. is moot;

**WHEREAS** Chase and Plaintiff have agreed to resolve all claims raised in the above-

captioned action, without further proceedings or resolution of Chase's pending dispositive motion, and without admitting any fault or liability;

**WHEREAS** Plaintiff has authorized her counsel at Landers & Cernigliaro, P.C. to settle this matter on her behalf, and on behalf of her minor child, I.N.P., with respect to all claims against Chase;

**WHEREAS** Chase has denied the allegations asserted against it in the Complaint, denied any claim for liability or wrongdoing, and disputed any suggestion that Plaintiff is legally entitled to any damages, and necessarily nothing herein shall be deemed an admission of fault or liability by Chase; and

**WHEREAS** the Court so-ordered the Infant Compromise Order, which approved the settlement of Plaintiff's claims in the above-captioned case on the terms set forth below;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, as follows:

1. The above-captioned lawsuit shall be discontinued and closed, and Plaintiff and her infant I.N.P.'s claims against Chase are hereby dismissed with prejudice, without costs, expenses, or fees in excess of the amounts specified in paragraph "2" and "3" below.

2. Chase has agreed to pay Plaintiff and her counsel the sum of THIRTY THOUSAND DOLLARS AND ZERO CENTS ($30,000.00), which will be done by check sent to Stanley A. Landers, Esq., Landers & Cernigliaro, P.C., One Old Country Road - Suite 400, Carle Place, New York 11514-1809 (the "Settlement Check"). The parties have agreed that TWENTY THOUSAND DOLLARS AND ZERO CENTS ($20,000.00) of the Settlement Check is going to the Plaintiff for the benefit of her infant I.N.P. and TEN THOUSAND DOLLARS AND ZERO CENTS ($10,000.000) of the Settlement Check is going to Mr. Landers in full

satisfaction of all claims for attorneys' fees, costs, and expenses that were or could have been incurred in the above-captioned action.

3. Upon receipt and deposit of the Settlement Check, Mr. Landers will then issue a check to "Grissel Nunez as p/n/g of Isabella Paulino and an officer of Citibank, N.A" for her apportioned TWENTY THOUSAND DOLLARS AND ZERO CENTS ($20,000.00) (the "Plaintiff Settlement Check Apportionment"). The full amount of the Plaintiff Settlement Check Apportionment shall promptly be deposited by Plaintiff in the currently-open, court-controlled account for the benefit of infant I.N.P. at Citibank, N.A. ("Citi"), 1265 Castle Hill Road, Bronx, NY 10462 (the "Citi Account"),[1] and shall be held therein by Plaintiff for the sole use and benefit of infant I.N.P until she reaches the age of eighteen years.

4. In consideration for the payment of the sums identified in paragraphs 2 and 3, Plaintiff agrees to dismiss and discontinue, with prejudice, all claims asserted in the above-captioned action, and to issue a full release to Chase and its affiliates of all claims that were or could have been brought in the above-captioned action, as set forth in the parties' separate confidential settlement agreement (the "Agreement").

5. Subject to the approval of the Court that settlement of all claims in the above-captioned action with respect to I.N.P. is in compliance with Rule 83.2(a) of the Local Civil Rules of this Court ("Settlement of Actions by or on Behalf of Infants or Incompetents, Wrongful Death Actions, and Conscious Pain and Suffering Actions") and Rule 1207 et seq. of the Civil Practice Law and Rules for the State of New York, payment shall be distributed as in accordance with the Court's Infant Compromise Order and the parties' negotiated Agreement.

---

[1] The Citi Account was opened following the issuance of the May 24, 2023 Infant's Compromise and Order Appointing a Court Referee entered in *Grissel Nunez, as Parent and Natural Guardian of I.N.P., an Infant, v. Julissa Baez, M.D., et al.*, Index No. 24297/2020E, in the Supreme Court for the State of New York, Bronx County (the "May 2023 Order").

6. Plaintiff and Chase agreed to and have jointly petitioned Judge Frishman of the Supreme Court for the State of New York, Bronx County, to amend the May 2023 Order to (1) replace or substitute Chase as the bank in which $200,000.00 (plus interest accrued to date) need be deposited in a court-controlled account, (2) permit Chase to close the Certificate of Deposit account ending 4909 Plaintiff opened on I.N.P's behalf on July 7, 2023 pursuant to the May 2023 Order (the "Account") on the next maturity date (July 7, 2024), along with all other Chase accounts in the name of Plaintiff and/or her minor children, including I.N.P., on that same date, (3) permit Chase to release the funds in the Account to Plaintiff by check with the understanding that Plaintiff will promptly deposit them on the infant I.N.P's behalf in a new court-controlled account at a different financial institution, Apple Bank, 2186 White Plains Road, Bronx, NY, 10462, and will maintain them in such an account for the infant's benefit until she reaches the age of eighteen, and (4) release Chase from any and all obligations, responsibilities, or liabilities under or relating to the May 2023 Order, including (a) any relationship, obligation, or responsibility to Plaintiff or the infant I.N.P as it pertains to the Account, (b) any reporting or documentary submission to the Supreme Court for the State of New York, Bronx County or to the Referee designated in the May 2023 Order, as may be amended, and (c) any liability of any kind or nature relating to the May 2023 Order, including Chase's compliance therewith in connection with opening and/or maintaining the Account. The relief sought by this petition has been granted and the Account (and all of Plaintiff's and her minor children's accounts at Chase) closed.

7. Plaintiff shall be responsible for the payment of any federal, state, and/or local taxes, if any, on the payment specified in paragraph 2 above.

8. Landers & Cernigliaro, P.C. shall be responsible for the payment of any federal,

4

state, and/or local taxes, if any, on the payment specified in paragraph 3 above.

9. The settlement checks in paragraph 2 and 3 have been or will be mailed to Plaintiff's counsel Stanley A. Landers, Esq. at Landers & Cernigliaro, P.C., 1 Old Country Road, Suite 400, Carle Place, New York 11514.

10. Plaintiff has executed and delivered to Chase a signature page of the parties' Agreement, which will include a release for Plaintiff on her own behalf and on behalf of her minor child, I.N.P. Plaintiff also has or will deliver to Chase a W-9 for Plaintiff. Landers & Cernigliaro, P.C. has also delivered or will deliver to Chase a W-9. The payments set forth in paragraphs 2 and 3 above are subject to and conditioned on delivery of all such documents to Chase's undersigned attorneys.

11. Nothing contained herein shall be deemed to be an admission by Chase of any of Plaintiff's allegations, nor an admission by Chase that it has in any manner or way damaged or violated the rights or interests of Plaintiff or I.N.P., or damaged or violated the rights or interests of any other person that Plaintiff purported to represent by styling the above-captioned action as a putative class action.

12. This Stipulation and Order shall not be admissible in, nor is it related to, any other litigation, administrative matter, or negotiation, except for enforcement of the provisions contained herein.

13. Nothing contained in this Stipulation and Order shall be deemed to constitute a policy or practice of Chase or any affiliate or division thereof.

14. This Stipulation and Order, coupled with the Infant Compromise Order (which is incorporated herein by reference in its entirety) and the confidential Agreement, contains all the terms and conditions agreed upon by the parties in settling the above-captioned matter.

15. This Stipulation and Order may be executed in counterparts, and a facsimile, electronic, or scanned signature shall be deemed valid for all purposes.

Dated: New York, New York
August 5, 2024

LANDERS & CERNIGLIARO, LLP

By: _____

Stanley A. Landers
1 Old Country Road, Suite 400,
Carle Place, New York 11514
New York, NY 10017
(t) (516) 742-6000
(f) (516) 742-6066

*Counsel for Plaintiff Grissel Nunez*

GREENBERG TRAURIG, LLP

By: _____

Sylvia E. Simson
One Vanderbilt Avenue
New York, NY 10017
(t) (212) 801-9200
(f) (212) 801-6400

*Counsel for Defendant
JPMorgan Chase Bank., N.A.*

SO ORDERED:

_____
KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE