USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: __10/08/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GRISSEL NUNEZ, *as Parent and Natural Guardian of I.N.P., an Infant*,

Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.

Defendant.

---

Case No. 23-CV-7569(PAE)

**AMENDED INFANT COMPROMISE ORDER**

Upon the declarations of Plaintiff Grissel Nunez (the infant I.N.P.'s parent and guardian) and Stanley A. Landers, Esq. (attorney for the Plaintiff), and due deliberation having been had thereon, and upon consideration of the issues and claims in the litigation and the discussions related to settlement in resolution of the claims in the above-captioned case (the "Lawsuit"), and it appearing that the best interests of the infant, I.N.P., would be served by approval of the proposed compromise in settlement, now, on joint motion of the parties, it is hereby:

ORDERED, that Grissel Nunez, the parent and guardian of the infant, is authorized and empowered, in the interest of her child, I.N.P., to settle and compromise the infant's claims asserted in the Lawsuit against JPMorgan Chase Bank, N.A. ("Chase"); and it is further

ORDERED, that the Court approves the settlement of $30,000.00 (the "Settlement Funds") to be paid by Chase to Plaintiff to settle all claims asserted in the Lawsuit for I.N.P., as this amount is fair, reasonable, and adequate, and in I.N.P.'s best interests, particularly when compared against the likely rewards in litigating the Lawsuit; and it is further

ORDERED that the Settlement Funds shall be paid out by Chase in one check for all Settlement Funds (the "Settlement Check"), sent to Plaintiff's counsel and then subsequently

apportioned by Plaintiff and her counsel in two parts: (1) $20,000.000 for Plaintiff on behalf of her infant, I.N.P., and (2) $10,000.000 to her litigation counsel Landers & Cernigliaro, P.C.; and it is further

ORDERED that upon receipt and deposit of the Settlement Check, Mr. Stanley Landers of Landers & Cernigliaro, P.C. will then issue a check to "Grissel Nunez as p/n/g of Isabella Paulino and an officer of Citibank, N.A." for her apportioned TWENTY THOUSAND DOLLARS AND ZERO CENTS ($20,000.00) (the "Plaintiff Settlement Check Apportionment"), keeping the remaining $10,000.00 of the Settlement Funds himself; and it is further

ORDERED that upon receipt of the Plaintiff Settlement Check Apportionment by Plaintiff from her counsel, the full amount of this check shall promptly be deposited by Plaintiff in a new Certificate of Deposit court-controlled account for the benefit of infant I.N.P. at Citibank, N.A. ("Citi"), 1265 Castle Hill Road, Bronx, NY 10462 (the "Citi Account"),[1] and shall be held therein by Plaintiff for the sole use and benefit of infant I.N.P until she reaches the age of eighteen years; and it is further

ORDERED that, following deposit of the $20,000.000 check discussed in the preceding paragraph of this order, no withdrawals from the Citi Account shall be made by Plaintiff or by any other party prior to the infant I.N.P's eighteenth birthday, except if Plaintiff and/or the infant's legal guardian makes an application to this Court demonstrating a financial need that will benefit the infant I.N.P. and this Court approves such a request by written order; and it is further

---

[1] The Citi Account was opened following the issuance of the May 24, 2023 Infant's Compromise and Order Appointing a Court Referee entered in *Grissel Nunez, as Parent and Natural Guardian of I.N.P., an Infant, v. Julissa Baez, M.D., et al.*, Index No. 24297/2020E, in the Supreme Court for the State of New York, Bronx County (the "May 2023 Order").

ORDERED that when infant I.N.P. has attained the age of eighteen years, upon demand therefor, together with presentation of the proper proof of age, Citi may pay over to infant I.N.P. any monies from the $20,000.00 in Settlement Funds on deposit in said account, together with any interest accrued thereon, provided, however, that in the event of the death of infant I.N.P. prior to the age of eighteen years, and in the event that infant I.N.P. has not designated a beneficiary of her portion of the Settlement Funds subject of this order, then payment shall be made by Citi to the estate of infant I.N.P.; and it is further

ORDERED that following issuance of this Order, and in contemplation of forthcoming Settlement Funds to be issued via check, Plaintiff and Chase shall jointly petition Judge Frishman of the Supreme Court for the State of New York, Bronx County, to amend the May 2023 Order to (1) replace or substitute Chase as the bank in which $200,000.00 (plus interest accrued to date) need be deposited in a court-controlled account, (2) permit Chase to close the Certificate of Deposit account ending 4909 Plaintiff opened on I.N.P's behalf on July 7, 2023 pursuant to the May 2023 Order (the "Account") on the next maturity date (July 7, 2024), along with all other Chase accounts in the name of Plaintiff and/or her minor children, including I.N.P., on that same date, (3) permit Chase to release the funds in the Account to Plaintiff by check with the understanding that Plaintiff will promptly deposit them on the infant I.N.P's behalf in a new court-controlled account at a different financial institution, Apple Bank, 2186 White Plains Road, Bronx, NY, 10462, and will maintain them in such an account for the infant's benefit until she reaches the age of eighteen, and (4) release Chase from any and all obligations, responsibilities, or liabilities under or relating to the May 2023 Order, including (a) any relationship, obligation, or responsibility to Plaintiff or the infant I.N.P as it pertains to the Account, (b) any reporting or documentary submission to the

Supreme Court for the State of New York, Bronx County or to the Referee designated in the May 2023 Order, as may be amended, and (c) any liability of any kind or nature relating to the May 2023 Order, including Chase's compliance therewith in connection with opening and/or maintaining the Account; and it is further

ORDERED that Plaintiff, the infant I.N.P., and counsel Stanley A. Landers, Esq. may not contact any employee of Chase—including Raul Grullon identified in the pleadings in the Lawsuit—in connection with this Infant Compromise Order, the Settlement Funds, the modification of the May 2023 Order, the maintenance or closure of the Account, or any other matter pertaining to the Account or to Plaintiff or I.N.P's depositor relationship with Chase, and that all communications pertaining to same shall be directed to Chase's litigation counsel of record in the Lawsuit; and it is further

ORDERED that Plaintiff Grissel Nunez is authorized, empowered, and permitted to execute and deliver a general release and any other papers necessary to effectuate the settlement of claims brought on behalf of I.N.P. and the payment of Settlement Funds referenced herein; and it is further

ORDERED, that this Court retains jurisdiction over this action for enforcing this compromise order and the terms of the underlying settlement once executed.

Dated: New York, New York

October 8, 2024

SO ORDERED:

*Katharine H. Parker*

KATHARINE H. PARKER
United States Magistrate Judge

4